PER CURIAM.
This is an appeal by respondent-appellant, W. R. Sutton, as guardian for Julian L. Bragg, incompetent, from an order of the probate division of the circuit court determining the petitioner, Maggie Mae Nelson Bragg, to be the sole heir of Ulysses J. Bragg. The only issue herein is whether or not the petitioner was the common law-wife of Ulysses J. Bragg, deceased.
Appellant raises two points on appeal. First, that in effect, the order determining petitioner to be the common law wife of the deceased was contrary to the weight of the evidence adduced at trial. Second, that the trial court erred in excluding from introduction into evidence, documents dated after January 1, 1968, (the date after which common law marriages could not longer be validly established)[1] relating to the marital status of the petitioner and the deceased.
More than a score of witnesses testified as to the relationship between the petitioner and the deceased. It is admitted by pe *272 titioner and respondent that there was conflicting evidence adduced at the trial. The petitioner and respondent, by objection of respective counsel, were confined to presenting testimony concerning the period of time prior to January 1, 1968, relating to the marriage. The trial court, at the close of all of the evidence, found that:
“Witnesses testifying on behalf of petitioner were business acquaintances and close friends, having maintained close contact with petitioner and deceased prior to his death. Their testimony established that the parties commenced living together as husband and wife in the early 60’s taking trips together and registering at hotels as “Mr. and Mrs. Bragg”, and, in general, enjoying the reputation in the community as husband and wife. At social gatherings and other places wherein the witnesses were personally present deceased held the petitioner out to be his wife. From this testimony there was no doubt but that the parties enjoyed the reputation of being married beginning shortly after his divorce in August 1960 until his death in 1974. I find that the petitioner established a strong case that the common law relationship existed between the parties.
Respondent produced witnesses whose testimony was in direct conflict with the testimony given by witnesses for the petitioner. According to their testimony petitioner was not treated as a wife of the deceased nor did they enjoy the reputation of being married in the community. In addition, documentary evidence in the nature of copies of income tax returns and voter registration information indicated that on occasion deceased designated himself as being “single” during the years prior to 1968.
Considering the total evidence presented to the Court, it is the finding of this Court that the evidence presented establishing the common-law marriage relationship was strong and persuasive and the testimony offered by the respondent was not sufficient to overcome the legal presumption of the existence of the common-law marriage in this cause. I find that the petitioner was the common-law wife of the deceased and, therefore, became his widow on his death in 1974. There were no children born of this marriage. Accordingly, it is
ORDERED
(1) that petitioner, Maggie Mae Nelson Bragg, was the common-law wife of the deceased, U. J. Bragg, said relationship having been established prior to January 1, 1968, and continuing until his death on September 21, 1974, and is, therefore, the sole heir at law of the deceased; . . . ”
With regard to respondent’s first point, he argues that petitioner did not establish a marriage agreement per verba de praesenti. We apply the following rule of law to this case:
“ A common law marriage or marriage per verba de praesenti, as distinguished from a ceremonial marriage, may be proven in various ways. The best evidence of such a marriage would of course be the testimony of the contracting parties or those present when they mutually agreed to take each other as man and wife, but it may be established by what is termed habit or repute. In other words, proof of general repute and cohabitation as man and wife will support a presumption of marriage when the agreement is denied and connot be proven by the best evidence.’ LeBlanc v. Yawn, 1930, 99 Fla. 328, 126 So. 789, 790.” Carter v. Carter, Fla.App.1975, 309 So.2d 625, 628.
It is not within the province of this court to substitute its judgment for that of the trier of fact unless the record clearly reflects that the findings and conclusions by the trial court are not supported by any substantial competent evidence. L & N Grove, Inc. v. Chapman, Fla.App. 1974, 291 So.2d 217, 219. A careful review of the *273 record discloses ample testimony to support the findings of fact and conclusions of law of the trial court, and that the petitioner met the requirement to make a prima facie showing of the existence of a common law marriage.
We now turn to respondent-appellant’s second point on appeal regarding excluding from evidence certain documents dated after January 1, 1968. Testimony in support of petitioner’s claim was properly confined to that period of time prior to January 1, 1968, as evidence after January 1, 1968, either affirming or denying the existence of the marriage could not create or dissolve the marriage. The findings of fact by the trial court reflect that the court considered documentary evidence such as income tax returns and voter registration designating Ulysses J. Bragg as being single during the years just prior to 1968. While evidence as to whether or not petitioner and deceased considered themselves to be married after January 1, 1968, may be relevant to show state of mind after that time, the exclusion of such cumulative evidence was at best, harmless error.
Affirmed.

. § 741.211, Fla.Stat.